Before SMITH, WIENER, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Appellant Avondale Industries, Inc. appeals from a final order and jud

cross-motion for summary judgment, holding that documents sought by Avondal

## FACTS AND PROCEDURAL HISTORY

In June 1993, the National Labor Relations Board ("NLRB") held an elec

Union) as their collective bargaining representative. The election, which

agreement, the employees were instructed to vote at one of five assigned po

Each of the five voting zones had two voting lists: one "zone list" of

procedures, when individual voters presented themselves to vote at their ass

count after the election showed 1,804 votes in favor of union representatio

After the election, Avondale invoked the Freedom of Information Act ("FO

master voting lists and zone voting lists for each polling place; and (3) ea

**Halloran**, 874 F.2d at 323.  Within this framework, the court must balance t

*Exemption 6*

To specifically prevail under Exemption 6, the government must establi

privacy, but only those disclosures which constitute clearly unwarranted in

necessary to prevent a clearly unwarranted invasion of personal privacy.  5

segregable and the overall privacy interests of the individual clearly outw

We must, therefore, ask whether the NLRB has discharged its burden of d

a clearly unwarranted invasion of the voters' personal privacy.  **Ray**, 112 S.

invasion of the voters' privacy.

Ruling from the bench, the district court held that the unredacted vot

> While this court considers this to be a very close call, I'm
> respect to the agency.
>
> It is questionable as to how much information is going to be
>
> I have problems with 7 because of its broadness, and I certa
>
> So, I believe that the analysis under Exemption 6 would appl

The district court did not enter a written order.

Given the brevity of the district court's ruling, it is uncertain what

court did not apply the correct standard.

Federal regulations state that, "[t]he formal documents constituting th

personnel files, medical files, and similar files need not be disclosed if

unwarranted invasion of personal privacy, Exemption 6 cases require a balan

1604-1605; **United States Department of Defense, Et Al., v. Federal Labor Rel**

at 546.

The district court was correct in asserting that it was required to bala

that the burden is on the government to establish that the invasion of priva

that the NLRB has not met its burden.

The NLRB correctly asserts that, to determine whether disclosure of the

a viable privacy interest.  The NLRB argues that they do.  Specifically, the N

indicating who voted and who did not vote in the representation election."  "

from marketers or others, creating an atmosphere of surveillance over employe

As stated earlier, Exemptions 7(A) and 7(C) exempt from disclosure,

> records or information compiled for law enforcement purposes, but
> could reasonably be expected to constitute an unwarranted invasio

5 U.S.C. § 552(b).  In finding Exemption 7 inapplicable, the district court

agree that Exemption 7 does not apply.

The threshold inquiry is whether the marked voting lists were compiled

S. Ct. 471, 475 (1989).  In this case, there is no summary judgment evidence

of union representation proceedings are considered compiled for law enforce

this issue.


## CONCLUSION

For the foregoing reasons, the order of the district court granting the

**REVERSED** and **REMANDED.**